UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEGHAN CREECH,                                          Case No. 1:16-cv-723

       Plaintiff,                                     Judge Timothy S. Black

vs.

HONORABLE CHARLES PATER, *et al.*,

       Defendants.

**ORDER GRANTING
DEFENDANT JUDGE PATER'S MOTION TO DISMISS (Doc. 7)**

This civil action is before the Court on Defendant Pater's motion to dismiss

(Doc. 7) and the parties' responsive memoranda (Docs. 12, 16).

## I.    FACTS <u>AS ALLEGED</u> BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in

the light most favorable to the Plaintiff; and (2) take all well-pleaded factual allegations

as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff Meghan Creech brings this suit seeking five million dollars in

compensatory damages, as well as punitive damages, from the Honorable Charles Pater

and her arresting officer because the warrant that led to her arrest was allegedly signed at

the wrong time.

Plaintiff alleges that Detective Gary Crouch requested that Judge Pater sign for a

search warrant.  (Doc. 3 at ¶ 7).  After determining that Crouch had shown probable

cause, Judge Pater signed some papers and "attempted" to issue a search warrant.  (*Id*. at

¶¶ 9-10).  However, Judge Pater failed to sign the command section of the warrant.  (*Id*.

at ¶¶ 10-11).  Crouch executed the warrant, searched Plaintiff's home, found evidence of felonious activity, and arrested her.  (*Id*. at ¶¶13-15).  Plaintiff was held in custody from her arrest date in July until her release on an O/R bond in late November.  (*Id*. at ¶¶ 13, 31).

While Plaintiff was in jail, Crouch allegedly realized that there was a problem with the search warrant.  (Doc. 3 at ¶ 23).  Crouch advised Judge Pater that he had failed to sign the command section.  (*Id*.)  Judge Pater allegedly asked, and Crouch affirmed, that the search had already occurred.  (*Id*. at ¶ 24).  Thereafter, Judge Pater allegedly signed the command section of the warrant.  (*Id*. at ¶ 25).

Plaintiff moved to suppress the warrant in her underlying criminal case. Judge Pater testified at a hearing regarding that motion.  (Doc. 3 at ¶¶ 32, 34).  He denied any specific memory of conversations regarding the warrant in question, but admitted that he has signed many warrants in his time as a judge.  (*Id*. at ¶ 34).  The motion to suppress was granted, and the Order was not appealed.  (*Id*. at ¶ 35).  Prosecution of Plaintiff was terminated.  (*Id*.)

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (citing *Twombly*, 550 U.S. at 555).  In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'"  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed.  *Id.* (*citing* Fed. Rule Civ. P. 8(a)(2)).

3

## III.    ANALYSIS

Defendant Judge Pater maintains that the claims against him must be dismissed because: (1) this court lacks jurisdiction; (2) he is absolutely immune from suit; and (3) Plaintiff fails to state a claim for which relief may be granted.  The Court focuses on judicial immunity.

"For centuries, the cloak of absolute judicial immunity has shielded judges from claims pertaining to actions they have taken in discharging their official duties."  *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997).[1]  Absolute judicial immunity serves "to preserve the independence of the judiciary by allowing judges to rule without fear of recourse.  Immunity protects 'judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants.'"  *Id*.

There are two exceptions to absolute judicial immunity: "First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

---

[1] *See also Domanick v. Lias*, No. 1:11cv1102, 2011 U.S. Dist. LEXIS 58199, at *8 (N.D. Ohio June 1, 2011) (judges are absolutely immune from damages in civil lawsuits arising from their judicial acts).

4

### A.    Judicial Capacity

First, Plaintiff argues that Judge Pater is not immune from liability because he did

not have the judicial capacity to sign the command section of the warrant paperwork after

the search was conducted.  (Doc. 3 at ¶¶ 10-11).

An act is considered non-judicial only if "it is one not normally performed by a

judicial officer or if the parties did not deal with the judge in his official capacity." *King*

*v. Love*, 766 F.2d 962, 965 (6th Cir. 1985).  "[T]he issuance of a search warrant is

unquestionably a judicial act." *Burns v. Reed*, 500 U.S. 478, 492 (1991).

In evaluating a judge's actions for immunity purposes, the question is not whether

the judge made an improper decision or had some improper motive for acting, but rather

whether the nature of the act and function of the act were something that only a judge

could do.  Here, the question is whether executing a search warrant is an act that only a

judge could perform, and the answer is clearly in the affirmative.

### B.    Individual Capacity

Next, Plaintiff asserts that Judge Pater is not immune from charges brought against

him in his individual capacity.  (Doc. 3 at ¶ 2).  However, pleading claims against Judge

Pater in his individual capacity does not change this Court's analysis.  The doctrine of

judicial immunity "operates to protect judges and quasi-judicial officers alike from suit in

both their official and individual capacities." *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir.

2007).

## C.   Jurisdiction

Next, Plaintiff claims that since Judge Pater lacked jurisdiction when he signed the search warrant, he is not immune from suit.

Ohio Revised Code Section 2933.21 provides that "[a] judge of a court of record may, within his jurisdiction, issue warrants to search a house or place[.]"  Similarly, Criminal Rule 41(A) provides that "[a] search warrant…may be issued by a judge of a court of record to search and seize property located within the court's territorial jurisdiction, upon the request of a prosecuting attorney or a law enforcement officer."  Accordingly, signing a search warrant is clearly within Judge Pater's jurisdiction.

Plaintiff argues that Judge Pater, however, acted with "a patent and unambiguous lack of subject matter jurisdiction when he issued a warrant for a search he knew had already occurred."  (Doc. 3 at ¶ 55).  Still, a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

In *Bradley v. Fisher*, 80 U.S. 335, 351 (1872), the United States Supreme Court described the distinction between an act in excess of jurisdiction and an act in the clear absence of all jurisdiction: "Where there is clearly no jurisdiction over the subject matter, any authority exercised is a usurped authority, and no immunity exists." *Id.*  The *Bradley* court gave the following examples: If a probate judge, with jurisdiction over only wills and estates, tried a criminal case, he would be acting in the clear absence of

6

jurisdiction—this being necessarily known to the judge—and he would not be immune

from liability for his actions. *Id.* On the other hand, if a judge of a criminal court

convicted a defendant of a nonexistent crime, or with a sentence not permitted by law, he

would merely be acting in excess of his jurisdiction, not in the complete absence of all

jurisdiction, and he would therefore be immune because he still had general jurisdiction

over the subject matter. *Id.* at 351-52.

Plaintiff further argues that the search was completed at the time the judge signed

the warrant, therefore the warrant was void. The jurisdictional question related to

whether a judge's decision is void or voidable is entirely separate and apart from the

jurisdiction inquiry necessary to determine whether a judge had immunity. A judge's

decision may, in fact, be determined to be void if the judge acted in the excess of

jurisdiction; however, the judge's immunity will not be overcome unless the judge was

acting in the clear absence of all jurisdiction. The district court in *Wade v. Bethesda

Hospital* explained:

> A judge will not lose his immunity because of a mere error in
> judgment even though the resultant act be in excess of the Court's
> jurisdiction. 'Excess of jurisdiction' as distinguished from entire
> absence of jurisdiction, means that the act, although within the
> general power of the judge, is not authorized and therefore void,
> because conditions which alone authorize exercise of judicial power
> in the particular case are wanting and judicial power is not lawfully
> invoked.

337 F.Supp. 671, 673 (S.D. Ohio 1971). Similarly, "[a] judge who has the requisite

jurisdiction over a controversy is immune from liability even though his acts are voidable

as taken in excess of jurisdiction."  *State ex rel. Risher v. Burkhardt*, 610 N.E.2d 999, 1002 (Ohio 1993).

Because Judge Pater had the requisite jurisdiction to sign the search warrant, his immunity will not be overcome even if his act of signing the warrant was, as alleged, void or voidable as taken in excess of that jurisdiction.

**D.    Cover-up**

Finally, Plaintiff argues that Judge Pater is not entitled to immunity because his act of signing the warrant was part of a cover-up, and that he and Detective Crouch secretly and criminally tampered with evidence or records.  Even accepting these allegations as true, they do not defeat the judge's immunity: a judge's judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive."  *Forrester v. White*, 484 U.S. 219, 227 (1988).

Immunity extends to cases where a judge's acts were "petty, unethical, and unworthy of his office."  *Bright v. Gallia Co.*, 753 F.3d 639, 649 (6th Cir. 2014).  For example, in *Williams v. Siler*, 734 F.2d 17 (6th Cir. 1984), the plaintiff alleged several defendants, including the public defenders who represented him in the state and federal courts, a state trial court judge, a federal magistrate, a district court judge, the clerk, and three judges of the Sixth Circuit Court of Appeals, conspired against him to convict him in his underlying case.  Despite the allegations of conspiracy, the Court held the "state and federal judges enjoy absolute immunity from liability to civil suit."  *Id.* (citing *Stump*, 435 U.S. at 355-56).  Similarly, in *Frost v. Boyle*, No. 1:06cv2649, 2008 U.S. Dist.

LEXIS 21322 (N.D. Ohio 2008), a plaintiff brought suit against a Cuyahoga County Court of Common Pleas judge and the county commissioners, alleging that they conspired to deprive her of a ruling in her favor in a pending case.  Specifically, the plaintiff claimed "that, while the motions were pending before Judge Boyle, the defendants 'conspired by having Defendant [Judge Boyle] to never rule on the motions.'" *Id.* at 3.  Focusing on the judge's actions, not the motive behind the actions, the District Court held "Judge Boyle's failure to rule on the motions in [the underlying case] constituted a judicial act because the nature and function of ruling on motions is a 'paradigmatic judicial act.'" *Id.* at 19.  The court continued:  "Even taking Plaintiff's allegation as true, her claim…is essentially that Judge Boyle engaged in judicial acts, and that Judge Boyle performed the acts maliciously, corruptly, in bad faith, with malice, or in the context of a conspiracy.  These actions, while reprehensible if true, are not outside the scope of absolute judicial immunity." *Id.* at 19-20.

Allegations of an improper motive or conspiracy do not alter the nature of Judge Pater's acts, nor will he be deprived of immunity because his action was allegedly "in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. 349. This policy is not for "the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Accordingly, Judge Pater is entitled to absolute judicial immunity.

## IV.   CONCLUSION

For these reasons, Defendant Pater's motion to dismiss (Doc. 7) is **GRANTED**

and he is **TERMINATED** as a party to this civil action.

**IT IS SO ORDERED**.

Date:  9/28/16                                             *s/ Timothy S. Black*
                                                          Timothy S. Black
                                                          United States District Judge

10