UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEGHAN CREECH,

      Plaintiff,

vs.

GARY CROUCH,

      Defendant.

Case No. 1:16-cv-723

Judge Timothy S. Black

**ORDER GRANTING
DEFENDANT GARY CROUCH'S MOTION TO DISMISS (Doc. 15)**

This civil action is before the Court on Defendant Crouch's motion to dismiss

(Doc. 15) and the parties' responsive memoranda (Docs. 19, 20).[1]

## I.    FACTS <u>AS ALLEGED</u> BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in

the light most favorable to the Plaintiff; and (2) take all well-pleaded factual allegations

as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff Meghan Creech brings this suit seeking five million dollars in

compensatory damages, as well as punitive damages from her arresting officer,

---

[1] Defendant Crouch initially filed a motion to dismiss on August 22, 2016.  (Doc. 10).  Subsequently, Plaintiff filed an amended complaint (Doc. 13) which rendered the motion to dismiss moot.  Accordingly, Defendant Crouch's initial motion to dismiss (Doc. 10) is **DENIED** as moot.

Detective Gary Crouch, because Detective Crouch[2] allegedly violated her Fourth

Amendment right to be free from continued detention without probable cause.[3]

Detective Gary Crouch is employed by the City of Hamilton Police Department.

(Doc. 13 at ¶ 3).  The Honorable Judge Charles Pater is a duly-elected judge of the Butler

County Court of Common Pleas.  (*Id.* at ¶ 2).  On July 29, 2015, Det. Crouch requested a

warrant to search Plaintiff's residence.  (*Id.* at ¶ 7).  Det. Crouch brought the paperwork

required by Ohio law for the judge's review and consideration.  (*Id.* at ¶ 8).  Judge Pater

determined that probable cause existed to justify the warrant.  (*Id.* at ¶ 9).  Judge Pater

completed the paperwork necessary to issue the warrant, including signing the warrant's

affidavit, but inadvertently forgot to sign one line, the command section, on the warrant

paperwork.  (*Id.* at ¶¶ 10-11).  Det. Crouch was unaware that Judge Pater had forgotten to

sign the one line on the paperwork and, on or about July 31, 2015, Det. Crouch searched

the Plaintiff's residence.  (*Id.* at ¶¶ 12-13).  Det. Crouch found evidence of felony

criminal activity during the course of the search and Plaintiff was subsequently arrested

and detained at the Butler County Jail.  (*Id.* at ¶¶ 14-15).

Det. Crouch was subpoenaed to testify at Plaintiff's preliminary hearing on August

7, 2015.  (Doc. 13 at ¶ 23).  On or around August 6, 2015, Det. Crouch noticed that Judge

Pater had forgotten to sign the one line of the paperwork, so he went to Judge Pater's

---

[2] Plaintiff also alleged claims against The Honorable Charles Pater.  However, this Court dismissed all claims against Judge Pater, finding that he was entitled to judicial immunity. (Doc. 18).

[3] Plaintiff also alleged a substantive due process claim, but she consents to the dismissal of that claim.  (Doc. 19 at 3).

chambers and advised him of the missing signature.  (*Id.* at ¶¶ 22-23).  Judge Pater signed

the section of the warrant that had been inadvertently left blank.  (*Id.* at ¶ 25).  Crouch

backdated the judicial signature on the warrant.  (*Id.* at ¶ 40).  The following day, Det.

Crouch testified at the preliminary hearing as if there were no problem with the warrant

and failed to inform the prosecuting attorney that the command section of the search

warrant was not signed at the time that the warrant was executed.  (*Id.* at ¶ 26).[4]  Plaintiff

was indicted on felony charges on September 23, 2015.  (*Id.* at ¶ 27).

On October 16, 2015, Plaintiff's counsel filed a motion to suppress evidence on

the grounds that the command section of the warrant had not been signed at the time that

the search was executed.  (Doc. 13 at ¶ 30).  A hearing was held on the motion and Det.

Crouch testified truthfully about the warrant.  (*Id.* at ¶¶ 33-34).  On December 28, 2015,

the state court granted the motion to suppress, effectively terminating the prosecution of

the Plaintiff.  (*Id.* at ¶¶ 32, 35).

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the

sufficiency of the complaint and permits dismissal of a complaint for "failure to state a

claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a)

requires that the complaint contain a "short and plain statement of the claim showing that

the pleader is entitled to relief."

---

[4] Det. Crouch claims that no one asked any questions related to the sufficiency of the search
warrant at the preliminary hearing.  (*Id.*)

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (citing *Twombly*, 550 U.S. at 555).  In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'"  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed.  *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2)).

### III.    ANALYSIS

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated." *Graves v. Mahoning Cty.*, 821 F.3d 772, 774 (6th Cir. 2016).  The Fourth Amendment requires that probable cause "be determined by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out a crime." *U.S. v. Smith*, 182 F. 473 (6th Cir. 1999).  The Fourth Amendment requires that: (1) warrants be issued by disinterested magistrates; (2) those seeking the warrant must demonstrate to the magistrate their probable cause to believe the evidence sought will aid in a particular apprehension or conviction for a particular offense; and (3) warrants must particularly describe the "things to be seized" as well as the place to be searched.  *Dalia v. U.S.*, 441 U.S. 238, 256 (1979).

Plaintiff alleges that Det. Crouch became aware of the fatal warrant defect before Plaintiff's first state court hearing.  (Doc. 13 at ¶ 22).  Crouch then, instead of telling the truth to the prosecuting attorneys, talked the judge into signing the warrant for him after the search had occurred.  (*Id.* at ¶¶ 23-25).  Plaintiff alleges that Crouch backdated the judicial signature on the warrant so that his state law problem would be concealed from the lawyers on the state court case.   (*Id.* at ¶ 40).  Plaintiff claims that Crouch then proceeded to testify at Plaintiff's state court proceedings as if he had properly admissible evidence as part of his scheme to conceal the truth of the matter from the prosecuting attorneys and the reviewing Court.  (*Id.* at ¶ 26).  Plaintiff argues that the state case would

never have survived preliminary hearing or grand jury review absent Defendant's

fabrication of the search warrant date.  (*Id.* at ¶ 43).

Plaintiff alleges liability based on the fact that Crouch's lies of omission (keeping

the truth of the warrant defect to himself) and commission (backdating the Judge's

signature and causing this inadmissible evidence to be presented to the state attorneys)

caused her detention to be wrongfully continued.  *See, e.g., Spurlock v. Satterfield*, 167

F.3d 995, 1001 (6th Cir.1999) (testimonial immunity does not protect actions taken while

not testifying).

However, the fact that the command section of the warrant was signed after the

search is not exculpatory, because it has nothing to do with whether the Plaintiff was

guilty or innocent, but rather relates to whether state criminal procedure was followed.  A

violation of state law procedural requirements that are not grounded in the Fourth

Amendment do not give rise to a cause of action under Section 1983.  *Pyles v. Raisor*, 60

F.3d 1211, 1215 (6th Cir. 1995).  "[T]he validity of an arrest under state law must never

be confused or conflated with the Fourth Amendment concept of reasonableness, and that

the validity of an arrest under state law is at most a factor that a court may consider in

assessing the broader question of probable cause."  *U.S. v. Laville*, 480 F.3d 187, 192

(3rd Cir. 2007).  "Mere violation of a state statute does not infringe the federal

Constitution," and "[s]tate rather than federal courts are the appropriate institutions to

enforce state rules."  *Archie v. City of Racine*, 847 F.2d 1211, 1216, 1217 (7th Cir. 1988)

(*en banc*); *Johnson v. Frankell*, 520 U.S. 911, 919 (1997) (noting "'the importance of

state control of state judicial procedure'"). Probable cause exists whenever reasonably

trustworthy information or circumstances within an arresting officer's knowledge are

sufficient to warrant a person of reasonable caution to conclude that an offense has been

or is being committed by the person being arrested. *Draper v. United States*, 358 U.S.

307, 313 (1959).

It is undisputed that there was probable cause to arrest and detain the Plaintiff

despite the missing signature on the warrant.[5] The fact that there was a procedural issue

with the warrant does not change the fact that there was still probable cause to detain the

Plaintiff. Instead, the issue is whether state rules of criminal and judicial procedure

required Plaintiff's release when Detective Crouch learned that the warrant was unsigned.

Even if Detective Crouch violated state law procedural requirements, such requirements

are not grounded in the Fourth Amendment and do not give rise to a cause of action

under Section 1983.

---

[5] For example, in *Brown v. Wassus*, No. 99-1653, 2000 U.S. App. LEXIS 26774 (6th Cir. Oct. 17, 2000), the detective went before a judge to obtain her authorization for a search warrant. The judge read the affidavit, administered an oath to the detective and signed the affidavit. The judge found that probable cause existed for the search and signed the "serve" copy of the warrant. She did not, however, sign the original copy of the warrant. The detective executed the warrant, found evidence, and charged the plaintiff criminally. The criminal charges were subsequently dismissed by the judge based upon her failure to sign the original copy of the warrant. *Id.* Plaintiff then filed a Section 1983 claim against the law enforcement officers who participated in the search and the district court granted summary judgment for the officers and the Sixth Circuit affirmed, finding that there was no violation of plaintiff's Fourth Amendment rights. The Sixth Circuit noted that plaintiff failed to show any facts to dispute that the judge had authorized the warrant before it was served. It held that "the fact that the original search warrant was not signed does not establish that the search violated the Fourth Amendment. It may have been defective under Michigan law, but it was not invalid under the Constitution." *Id.* at 6.

## IV.   CONCLUSION

For these reasons, Defendant Crouch's motion to dismiss (Doc. 15) is

**GRANTED**.  The Clerk shall enter judgment accordingly, whereupon this case is

**TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date:  11/8/16                                                          *s/ Timothy S. Black*
                                                                       Timothy S. Black
                                                                       United States District Judge